UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**In re:**

**CHRISTOPHER J. CHADICK,**            5:09-MC-90 (NAM/DEP)
**Bar Roll No. 601355,**

                                  **Respondent.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:
LANZA LAW OFFICE
SALVATORE F. LANZA, ESQ., of counsel
154 South Second Street
Fulton, New York 13069
Counsel for Respondent

TRACY HOPE DAVIS, United States Trustee for Region 2
GUY A. VAN BAALEN, ESQ., Assistant United States Trustee
10 Broad Street, Room 105
Utica, New York 13501

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

In this attorney disciplinary action, the parties entered into a written Stipulation (Dkt. No. 16) in which respondent agreed to withdraw permanently from practice before the United States District Court and the United States Bankruptcy Court for the Northern District of New York. The Stipulation provided that respondent "consents to the entry of an order directing restitution be made to the following clients in the amounts set forth below" followed by a list of 45 clients, their addresses, and the amount of refund owed to each. Respondent agreed to provide proof of payment to the United States Trustee ("Trustee"). He further consented to amendment of the Stipulation to include any additional clients entitled to restitution. On June 11, 2010, this Court approved the Stipulation (Dkt. No. 15).

The Trustee now moves (Dkt. No. 17) to compel compliance with the restitution provision

of the Court-ordered Stipulation and to amend it to include additional clients entitled to restitution. In response, respondent submits a statement from his attorney, Salvator F. Lanza, Esq. (Dkt. No. 19).

The Court first addresses the Trustee's request that the Court compel respondent to comply with so much of the Court-ordered Stipulation as directed him to pay restitution to the named victims. The Trustee states: "Upon information and belief, Respondent has failed to comply with the June 11th Order requiring him to make restitution payments and failed to advise the United States Trustee of any efforts to commence making said payments."

In opposition, respondent's attorney states:

> 5. It is true that the Respondent has not made restitution in full to many of the individuals that are set forth in the original Stipulation. The Respondent has been ordered by the Appellate Division Fourth Department to close down his law office. The Appellate Division has further ordered Mr. Chadick to not practice law in any form whatsoever. There are two (2) Petitions for misconduct pending against the Respondent herein presently. There is a third Petition that will be filed shortly by the Grievance Committee with the Appellate Division Fourth Department. A further return date in Rochester, New York, with the Appellate Division, Respondent and Grievance Committee has been scheduled for January 25, 2011 at 2:00 pm. In addition, the Respondent is also answering criminal charges in an Indictment that has been filed against him in the Onondaga County Court. The Indictment is before the Hon. William Walsh. Your Deponent is presently representing the Respondent in regards to the charges filed against him before the Appellate Division 4th Department and Onondaga County Court. The criminal trial of the Indictment is scheduled for February 22, 2011 in Syracuse, New York.
>
> 6. The Respondent should not be held in contempt for failure to comply with the June 11, 2010 Order of this Court requiring him to make restitution payments. The reason for this is that the Respondent was able to continue practicing law at the time the Order was entered into. The Respondent was not practicing law in Bankruptcy Court. However, the Respondent was making appearances "of counsel" for a local law firm. In addition, Respondent was making other appearances in local courts and was able to make some monies to live on. Since the Appellate Division Fourth Department entered a verbal directive to the Respondent that he was not to practice law, the Respondent

>has been unemployed and is currently without any income in order to pay the restitution that is due and owing to the individuals set forth in the Stipulation. The Respondent understands his obligation to repay the victims. However, until such time as the Respondent is able to resolve the criminal charges that are pending against him in Onondaga County Court as well as the Petitions that have been filed against him by the Grievance Committee and which are pending before the Appellate Division Fourth Department, the Respondent is unable to make any payments to anyone at this time. The issue of restitution to all of the individuals will be made presumably by any monies that the Respondent may receive in the future as well as from reimbursement from the attorney/client trust fund that oversees these and other similar matters for repayment of retainer fees to clients as a result of attorneys misconduct. This has not yet occurred.

In the above-quoted paragraphs, respondent admits he has failed to comply with the requirement that he pay restitution to all named victims. Indeed, respondent does not claim to have made any payments whatsoever to any victims. Thus, the Court finds by clear and convincing evidence that respondent has failed to comply with the Court-ordered Stipulation to which he agreed and which clearly and unambiguously directs him to pay restitution to the listed victims in specified amounts.[1]

Accordingly, the Trustee is entitled to an order compelling compliance with the Court-ordered Stipulation. Respondent is directed to make all restitution payments set forth in the Court-ordered Stipulation, and to provide to the Court and the Trustee proof of payment in the

---

[1] The Court notes that respondent's attorney's statement (Dkt. No. 19) asserts respondent's inability to pay. While it does not relieve respondent of his legal obligation to make the payments, inability to pay may constitute a defense in a contempt proceeding. The burden is upon respondent to establish his inability "clearly, plainly, and unmistakably." *See Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995). Respondent's attorney's affidavit is not competent evidence of respondent's inability to pay, nor do conclusory statements suffice to carry respondent's burden of proof. *Id.* In the event that the Trustee seeks a contempt order, if respondent wishes to pursue the defense of inability to pay, he will be required to provide the Court with detailed, first-hand evidence in the form of a sworn financial statement from respondent (not from his attorney), accompanied by supporting documentation, showing all income, assets, and debts.

form of a sworn affidavit from respondent himself (not his attorney) setting forth in detail each and every payment made in compliance with the Court-ordered Stipulation, accompanied by supporting documentation.

If respondent fails to provide proof of payment in full in compliance with this Memorandum-Decision and Order, the Court will entertain an application by the Trustee for further relief, including an Order to Show Cause directing respondent to show cause why he should not be held in contempt of Court. The Trustee's application should comply with N.D.N.Y. Local Rule 83.5 and must specify the type or types of relief sought.[2] If necessary, the Court will schedule a hearing.

The Trustee also seeks to amend the Court-ordered Stipulation to include additional clients entitled to restitution. In his response to the motion, Attorney Lanza agrees to this relief. The Court grants the requested amendment.

It is therefore

ORDERED that the motion by the United States Trustee (Dkt. No. 17) is granted; and it is further

ORDERED that respondent shall immediately make all restitution payments set forth in the Court-ordered Stipulation; and it is further

ORDERED that on or before February 10, 2011, respondent shall file with the Court and serve on the Trustee proof that he has made all restitution payments set forth in the Court-ordered Stipulation; such proof shall be in the form of a sworn affidavit from respondent himself (not his

---

[2] If the Trustee wishes the Court to consider imprisonment as a coercive sanction for contempt of Court, the proposed Order to Show Cause must include the requisite warnings.

attorney) setting forth in detail each and every payment made in compliance with the Court-ordered Stipulation, accompanied by supporting documentation; and it is further

ORDERED that the Court-ordered Stipulation (Dkt. Nos. 15, 16) is hereby amended to include the additional clients and accompanying information listed in the Trustee's motion (Dkt. No. 17).

IT IS SO ORDERED.

January 21, 2011
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge